******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TILDEN DOTSON
(AC 36340)

Beach, Prescott and Foti, Js.

*Argued October 27, 2014—officially released January 6, 2015*

(Appeal from Superior Court, judicial district of Tolland, geographical area number nineteen, Mullarkey, J. [motion to suppress]; Simón, J. [judgment].)

*Brendan R. Putman*, for the appellant (defendant).

*Jacob L. McChesney*, special deputy assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Andrew Reed Durham*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Tilden Dotson, appeals from the judgment of conviction, rendered following a conditional plea of nolo contendere, of operating a motor vehicle while under the influence of intoxicating liquor or drugs, in violation of General Statutes § 14-227a. The defendant claims that the court erred in denying his motion to suppress. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. On August 10, 2012, Officer Bryan Sembersky of the Vernon Police Department executed a *Terry*[1] stop of the defendant's vehicle. The defendant was arrested and charged with driving under the influence of intoxicating liquor or drugs in violation of § 14-227a.[2] The defendant was also charged in a part B information with having previously been convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a. The defendant filed a motion to suppress any and all evidence obtained as a result of the stop.

After an evidentiary hearing, the court, *Mullarkey, J.*, denied the defendant's motion. The court found that the defendant drove on Franklin Street in Vernon at "a higher than normal rate of speed and stopped very close before two emergency stop signs that were placed in the road to guard a downed power line." The court continued: "Even when facing these two stop signs, police protective tape and the rear overhead flashing lights of a police cruiser, the defendant failed to heed the flashlight beam shined on him by the officer. Instead, the defendant made a 'K' turn during which his front tire mounted the sidewalk in violation of General Statutes § 14-250a. The defendant then drove off in the opposite direction to his original path." The court found that the preceding undisputed facts "provided the officer with more than reasonable and articulable suspicion to stop the defendant's vehicle before it left the neighborhood." Following the denial of his motion to suppress, the defendant entered conditional pleas of nolo contendere to the charge of operating a motor vehicle under the influence of intoxicating liquor or drugs in violation of § 14-227a and on the part B charge of having previously been convicted of violating § 14-227a. The defendant was sentenced to two years imprisonment, execution suspended after five months, followed by two years probation with various conditions. This appeal followed.

"[O]ur standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [When] the legal conclusions of the court are chal-

lenged, [our review is plenary, and] we must determine whether they are legally and logically correct and whether they find support in the facts set out in the court's [ruling] . . . ." (Internal quotation marks omitted.) *State* v. *Ocasio*, 112 Conn. App. 737, 742–43, 963 A.2d 1109, cert. denied, 292 Conn. 904, 973 A.2d 106 (2009).

"A stop pursuant to *Terry* v. *Ohio*, [392 U.S. 1, 21–22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)], is legal if three conditions are met: (1) the officer must have a reasonable suspicion that a crime has occurred, is occurring, or is about to occur; (2) the purpose of the stop must be reasonable; and (3) the scope and character of the detention must be reasonable when considered in light of its purpose. . . . The United States Supreme Court has further defined reasonable suspicion for a traffic stop as requiring some minimal level of objective justification for making the stop. . . . Because a reasonable and articulable suspicion is an objective standard, we focus not on the actual state of mind of the police officer, but on whether a reasonable person, having the information available to and known by the police, would have had that level of suspicion." (Citations omitted; internal quotation marks omitted.) *State* v. *Cyrus*, 297 Conn. 829, 837–38, 1 A.3d 59 (2010). An officer may conduct a *Terry* stop based on a traffic infraction. *State* v. *Dukes*, 209 Conn. 98, 122, 547 A.2d 10 (1988).

The defendant takes issue with the first component of the three part test for a *Terry* stop and argues that the court erred in determining that the officer had a reasonable suspicion that he had committed a traffic infraction or other motor vehicle violation. He argues that "[t]here is not a single motor vehicle violation to be found in the court's factual findings . . . ."

The court found that the front tire of the defendant's vehicle mounted the sidewalk in violation of § 14-250a. Section 14-250a provides in relevant part: "(a) No person shall operate any motor vehicle upon . . . any public sidewalk except to cross such sidewalk to enter or leave adjacent areas . . . . (c) Violation of any provision of this section shall be an infraction."

The defendant argues that he did not commit a motor vehicle infraction when, in the process of turning his vehicle around, the front tire of his vehicle mounted the sidewalk. The defendant does not challenge the court's finding that his front tire mounted the sidewalk. Rather, he relies on the exception to § 14-250a that permits a motorist to cross a sidewalk if leaving an adjacent area. He argues that this was "exactly what the defendant was doing."

The court reasonably could have found that the exception did not apply because the defendant was not leaving or entering an adjacent area such as a driveway. Moreover, the court found that the facts of the case

"provided the officer with more than reasonable and articulable suspicion to stop the defendant's vehicle before it left the neighborhood." Under the totality of all the circumstances, as found by the trial court, the court properly concluded that the police entertained a reasonable and articulable suspicion that criminal activity was afoot.[3] Accordingly, the court did not err in denying the defendant's motion to suppress.

The judgment is affirmed.

[1] See *Terry* v. *Ohio* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[2] The defendant was also charged with failure to stay within the traffic lane in violation of General Statutes § 14-236 (1). The state entered a nolle prosequi with respect to that charge.

[3] The defendant argues that certain of the court's factual findings were erroneous. We disagree. The only fact that was in dispute at the time of the hearing, as noted by the court, was whether the defendant's tire that mounted the sidewalk also went onto the homeowner's lawn; the court concluded that it did not.